UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENYETTA BARRAS** | **CASE NO.** |
| **VS.** | **JUDGE** |
| **OAKWOOD SHOPPING CENTER, LLC D/B/A OAKWOOD CENTER, OAKWOOD CORPORATE CENTER MANAGEMENT, LLC, BROOKFIELD PROPERTIES (R), LLC., AND UNIVERSAL BUILDING MAINTENANCE, LLC, OF CALIFORNIA D/B/A ALLIED UNIVERSAL JANITORIAL SERVICES** | **MAG. JUDGE** |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come Defendants, Oakwood Shopping Center, LLC; d/b/a Oakwood Center; Brookfield Properties Retail Holding, LLC FKA Brookfield Property REIT In. FKA GGP Inc., and Universal Building Maintenance, LLC d/b/a Allied Universal Janitorial Services, who, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully notify this Court that the above-entitled case has been removed from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and, in support of said notice of removal, state as follows:

**I.     INTRODUCTION**

Plaintiff, Kenyetta Barras ("Plaintiff"), filed a Petition for Damages in the 24th Judicial Court for the Parish of Jefferson on April 11, 2025.[1] Plaintiff named Oakwood Shopping Center, LLC, d/b/a Oakwood Center; Brookfield Properties Retail Holding, LLC FKA Brookfield Property REIT In. FKA GGP Inc., and Universal Building Maintenance, LLC d/b/a Allied

---

[1] Exhibit A, state court record, including Petition for Damages.

1

Universal Janitorial Services ("Defendants") as Defendants claiming Defendants are jointly liable to Plaintiff for damages sustained after she fell at Oakwood Shopping Center on November 16, 2024.[2]

## II.   JURISDICTION

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), which provides as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

As discussed more fully below, this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and which appears to be between citizens of different states.

---

[2] Oakwood Corporate Center Management, LLC was also named as a Defendant but has not been served as of the date of this filing. Accordingly, the citizenship of this Defendant should be disregarded for purposes of determining whether there exists complete diversity amongst the Parties.

### A. Amount in Controversy

28 U.S.C. § 1446(b)(2)(B) permits removal within "30 days after receipt by or service on th[e] defendant of the initial pleading." Plaintiff's Petition for Damages is silent as to the amount in controversy. "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper." 28 U.S.C. § 1446(b)(3).

Federal courts have consistently recognized that responses to requests for admission qualify as "other paper" under the removal statute. *Murchison v. Progressive Northern Ins. Co.*, 564 F.Supp.2d 1311 (E.D. Okla. 2008). On August 28, 2025, Plaintiff admitted her claim exceeds $75,000 in response to a request for admission propounded by Defendants.

### B. Diversity of Citizenship

All properly joined parties are diverse.

#### 1. *Plaintiff*

a. Kenyetta Barras, who, on information and belief, is domiciled in the State of Louisiana, is a citizen of **Louisiana.**[3]

#### 2. *Defendants*

**Universal Building Maintenance, LLC**, is a Delaware limited liability company with its principal place of business at 450 Exchange, Irvine, California 92602.

a. Universal Building Maintenance, LLC is wholly-owned by Universal Protection Service, LP, which is a limited partnership formed in California with its principal place of business at 450 Exchange, Irvine, California 92602. Universal Protection Services, LP is the sole member of Universal Building Maintenance LLC.

---

[3] Exhibit A, Petition for Damages and entirety of the state court record.

b.  The partners that comprise Universal Protection Service, LP are Universal Protection GP, Inc., as general partner, and U.S. Security Associates Holding Corp., G4S Secure Solutions (USA), Inc., American Security Program, Inc., Allied Universal Sideco, Inc., and Universal Services of America, LP, as limited partners.

c.  Universal Services of America, LP is a limited partnership formed in California with its principal place of business at 450 Exchange, Irvine, California 92602.

d.  The two partners of Universal Services of America, LP are USA Intermediate, Inc. and USA GP Sub LLC.

**e.**  USA Intermediate, Inc. is a Delaware corporation with its principal place of business at 450 Exchange, Irvine, California 92602.  Thus, USA Intermediate Inc. is a citizen of **Delaware** and **California.**

f.  USA GP Sub, LLC, is a limited liability company organized in Delaware with its principal place of business at 450 Exchange, Irvine, California 92602.

g.  The sole member of USA GP Sub, LLC is USA Intermediate, Inc., which is a Delaware corporation with its principal place of business at 450 Exchange, Irvine, California 92602. Thus, USA GP Sub, LLC is a citizen of **Delaware** and **California.**

h.  U.S. Security Associates Holding Corp. is incorporated in Delaware with its principal place of business at 450 Exchange, Irvine, California 92602, and thus, is a citizen of **Delaware** and **California**.

i.  G4S Secure Solutions (USA), Inc. is incorporated in Florida with its principal place of business at 450 Exchange, Irvine, California 92602, and thus, is a citizen of **Florida** and **California**.

j.  American Security Program, Inc. is incorporated in Virginia with its principal place of business at 450 Exchange, Irvine, California 92602, and thus, is a citizen of **Virginia and California.**

k.  Allied Universal Sideco, Inc. is incorporated in Delaware with its principal place of business at 450 Exchange, Irvine, California 92602, and thus, is a citizen of **Delaware** and **California**

l.  Universal Protection GP, Inc. is incorporated in Delaware with its principal place of business at 450 Exchange, Irvine, California 92602, and thus, is a citizen of **Delaware** and **California**.

m.  Thus, Defendant **Universal Building Maintenance, LLC is a citizen of Delaware, California, Florida and Virginia.**

Defendant **Oakwood Shopping Center, LLC** has one member, Oakwood Shopping Center Newco, LLC.

a.  Oakwood Shopping Center Newco, LLC has one member, BPR Cumulus, LLC.

b.  BPR Cumulus, LLC has one member, BPY Retail Holdings REIT, LLC.

c.  BPY Retail Holdings REIT, LLC has one member, BPY Retail Holdings, LLC.

d.  BPY Retail Holdings, LLC has one member, BPR OP, LP

e.  BPR OP, LP, being a limited partnership, has one partner, BPR Real Estate Holding II LLC.

f.  BPR Real Estate Holding II LLC has one member, BPR Real Estate Holding I LLC.

g.  BPR Real Estate Holding I LLC has one member, and it is the other named defendant, **Brookfield Properties Retail Holding LLC.**

  h. Brookfield Properties Retail Holding LLC has one member, Brookfield Property Partners L.P.

  i. The only partner of Brookfield Property Partners L.P. is Brookfield Corporation.

  j. Brookfield Corporation is incorporated in Delaware, and its principal place of business is located in Toronto, Cananda, and thus, is a citizen of **Delaware** and **Toronto, Canada**.

  k. Thus, Defendant Oakwood Shopping Center, LLC is a citizen of **Delaware** and **Toronto, Canada**.

Thus, **Oakwood Shopping Center, LLC** and **Brookfield Properties Retail Holding LLC** are citizens of **Delaware and Canada**.

### III. REMOVABILITY

#### A. Timeliness

To be timely, a Notice of Removal must be filed within 30 days of receipt of the other papers "from which it may . . . be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendant was served with Plaintiff's response to the request for admission on August 28, 2025, admitting her claim exceeds $75,000.[4] Accordingly, the Notice of Removal is timely.

### IV. CONCLUSION

WHEREFORE, Oakwood Shopping Center, LLC d/b/a Oakwood Center; Brookfield Properties Retail Holding, LLC FKA Brookfield Property REIT In. FKA GGP Inc.; and Universal Building Maintenance, LLC d/b/a Allied Universal Janitorial Services, respectfully notify this Court that this case has been removed, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the

---

[4] Exhibit B.

24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

*s/H. Jake Rodriguez*

_____
H. Jake Rodriguez (La. Bar No. 27867)
Sara A. LaRosa (La. Bar No. 37765)
400 Poydras Street, Suite 2250
New Orleans, Louisiana 70130
Phone: (504) 702-1710
Fax:    (504) 702-1715
Jake.Rodriguez@wilsonelser.com
Sara.LaRosa@wilsonelser.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served on all parties via the court's CM/ECF system on this September 26, 2025.

*s/ H. Jake Rodriguez*
H. Jake Rodriguez